UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF ELK GROVE,<br><br>          Plaintiff,<br><br>     v.<br><br>ELK GROVE ANIMAL RESCUE, KRISTA MITCHELL, KELLY MITCHELL, and FREDERICK MITCHELL,<br><br>          Defendants. | No. 2:19-cv-00439-TLN-KJN<br><br>**REMAND ORDER** |

This matter is before the Court on the Notice of Removal of Civil Action to Federal Court From State Court by Defendants (ECF No. 1), and on the Ex Parte Emergency Application and Motion for Temporary Restraining Order and Order to Show Cause Why A Preliminary Injunction Should Not Issue Against the City of Elk Grove Animal Services Unit, filed by Defendants Elk Grove Animal Rescue, Krista Mitchell, Kelly Mitchell, and Frederick Mitchell (collectively, "Defendants") (ECF No. 6). For the reasons set forth below, this case is REMANDED for lack of subject matter jurisdiction, and accordingly Defendants' motion for temporary restraining order is DENIED as moot.

///

///

1

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Defendants on March 11, 2019 filed a Notice of Removal of Civil Action to Federal Court From State Court by Defendants, in which Defendants referenced City of Elk Grove case number 19-001300 as the action being removed to federal court. (ECF No. 1 at 1.) Defendants filed a request for a temporary restraining order on March 13, 2019. (ECF No. 6.)

A. Factual Background

Defendants rented a barn on land in Elk Grove owned by an individual named Dayle Ann Imperato. (ECF No. 1 at 4.) Defendants used the barn to operate an organization known as Elk Grove Animal Rescue, which "saves cats and dogs from euthanasia at public animal shelters by 'pulling' the animals from the shelter" and then sheltering, training, and feeding the animals before attempting to find the animals new homes. (ECF No. 1 at 4.) Defendant Krista Mitchell owns and operates Elk Grove Animal Rescue, with what appears to be some relatively close level of involvement from her parents Kelly and Frederick Mitchell. (ECF No. 1 at 4–5.) In early 2019, Elk Grove Animal Rescue was housing more than fifty-eight dogs in Imperato's barn. (ECF No. 1 at 6.) Imperato began proceedings to evict her tenants, and in February, Imperato obtained a restraining order barring Krista Mitchell from entering the property that Imperato was renting to her at the time. (ECF No. 1 at 5.) Thanks to the restraining order, from February 19 through February 21 of this year Krista Mitchell was legally barred from entering the property on which she had previously been caring for the more than fifty-eight rescued dogs. (ECF No. 1 at 6.)

On February 21, animal control officers from the City of Elk Grove ("Plaintiff") entered the barn on Imperato's property where Krista Mitchell had been housing her animals. (ECF No. 1 at 72.) These officers encountered scenes of animal neglect and seized fifty-eight of the animals pursuant to section 597.1 of California's Penal Code. (ECF No. 1 at 72, 74–75.)

B. Procedural Background

On February 25, Defendants requested a post-seizure administrative hearing to determine whether Plaintiff's animal control officers had reasonable grounds to seize fifty-eight of Defendants' dogs. (ECF No. 1 at 74.) Defendants' argument to the hearing officer, repeated to

2

this Court, was that because Krista Mitchell was barred by Imperato's restraining order from entering the property where Krista Mitchell was caretaking her animals during the three-day period between February 19 and 21, Imperato became responsible for the animals' welfare during that time. (*E.g.*, ECF No. 1 at 9, 74.) The implication is that but for Imperato's restraining order against Krista Mitchell, Mitchell's animals would not have been in such a sorry state when Elk Grove animal control officers confronted them on February 21, 2019. (ECF No. 1 at 6.) The further implication is that Defendants should not be held liable for any of the costs or consequences that are likely to flow from the seizure and subsequent care of the fifty-eight dogs.

The hearing officer, in a detailed and reasoned written opinion, held in favor of Plaintiff in determining that its animal control officers were justified in seizing the fifty-eight dogs. (ECF No. 1 at 69–77.) The hearing officer further ordered that none of the dogs in question may be returned to Defendants until "they demonstrate to the satisfaction of the Elk Grove Police Department Animal Control Unit that they can and will provide the necessary care for the animals." (ECF No. 1 at 76.) Rather than appeal the hearing officer's decision to the superior court as they were provided notice was their right (ECF No. 1 at 77), Defendants removed it here, citing to three separate removal statutes at 28 U.S.C. §§ 1443, 1455, and 1331 (ECF No. 1 at 2).

Defendants quickly thereafter filed their motion for a temporary restraining order (ECF No. 6). Defendants' motion requests that the Court issue an order barring Plaintiff from euthanizing any of Defendants' dogs that Plaintiff currently has in its possession. (ECF No. 6 at 7.) It further requests the Court issue an order enjoining Plaintiff from publicizing what Defendants characterize as "the unlawful seizure of the 58 rescue dogs" from property that had been under Defendants' control. (ECF No. 6 at 7.) Defendants further move the Court for an order barring Plaintiff from enforcing a "Notice of Violation and Order to Abate" that instructed Defendants' landlord to cease allowing her property to be used as an animal shelter. (ECF No. 6 at 7, 10–11.)

**II.     STANDARD OF LAW**

     A.     <u>Removal to Federal District Court</u>

While federal law sets forth procedures by which a defendant in a state court proceeding

may remove that proceeding to federal district court, such a "defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). "In general, removal statutes are strictly construed against removal." *Id.* (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *Gaus*, 980 F.2d at 566). Furthermore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447.

### i. Removal Pursuant to 28 U.S.C. § 1443

Removal under 28 U.S.C. § 1443(1) requires meeting a two-part test: a defendant (1) "must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights"; and (2) "must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or constitutional provision that purports to command the state courts to ignore the federal rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (quoting *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970)). "That a removal petitioner will be denied due process of law because the criminal law under which [s]he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of [28 U.S.C. § 1443(1)]." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (citing *City of Greenwood v. Peacock*, 384 U.S. 808, 825 (1966)). Accordingly, it is the "unusual case" where a defendant attempting to remove a case to federal court can successfully demonstrate that said defendant will be unable to enforce federal civil rights in a state court proceeding. *Id.*

### ii. Removal Pursuant to 28 U.S.C. § 1455

Alternatively, criminal defendants in state court may remove their prosecutions to a federal district court in certain circumstances pursuant to 28 U.S.C. § 1455(a). If a notice of removal of a criminal action is filed, the "district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed

thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

### iii. Removal Pursuant to 28 U.S.C. § 1331

Civil actions originally brought in state court may be removed "to the district court of the United States for the district and division embracing the place where such action is pending," so long as "the district courts of the United States have original jurisdiction" over the action. 28 U.S.C. § 1441(a). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Of course, one category of cases over which the federal district courts have original jurisdiction is that set of cases presenting a federal question "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C § 1331.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392; *see also Vaden v. Discover Bank*, 556 U.S. 49, 54 (2009) (restating "the established rule that federal-court jurisdiction cannot be invoked on the basis of a defense or counterclaim").

### B. Appeal From Local Administrative Hearing

California law sets forth procedures for litigants to follow when they wish to petition for a writ of mandate to appeal an adverse decision made by an administrative body. "[A]ny final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken, and discretion in the determination of facts is vested in the inferior . . . officer" may be appealed to the appropriate California superior court. Cal. Civ. Proc. Code § 1094.5; *see also id.* § 1094.6 (setting forth procedures for "[j]udicial review of any decision of a local agency . . . or of any commission, board, officer or agent thereof").

**III. ANALYSIS**

### A. Removal Pursuant to 28 U.S.C. § 1443

In support of removal pursuant to 28 U.S.C. § 1443, Defendants argue that section 527.6

of the California Code of Civil Procedure, which is the provision of state law under which Imperato obtained the restraining order in mid-February barring Krista Mitchell from entering the property on which she was housing her dogs, "purports to command the state court to ignore [Krista Mitchell's] federal rights under 42 U.S.C. § 1981(a)." (ECF No. 1 at 23.) 42 U.S.C. § 1981(a) provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts." As best the Court can surmise at this stage, Defendants' argument asserts that section 527.6 infringed their right to enforce their rental contract with Imperato due to Defendants' race. (ECF No. 1 at 23.) Specifically, Defendants argue that Imperato only obtained the restraining order against Krista Mitchell—which kept Krista Mitchell from accessing the rental property for which she had forged a contract with Imperato—because Krista Mitchell is "a black citizen" and because Kelly Mitchell is the biological parent "of a black child." (ECF No. 1 at 23; *see also* ECF No. 1 at 9 ("The 58 rescue dogs suffered because Krista Mitchell is black and complained about a white woman's animal cruelty.").)

Defendants' argument fails because while they may reference provisions of California law, they do not point to any evidence or facts suggesting that a California superior court would be unable to enforce their civil right to make and enforce contracts. *See Patel*, 446 F.3d at 999 (remanding a case that had been removed under 28 U.S.C. § 1443(1) because the defendants "point[ed] to no formal expression of state law that prohibits them from enforcing their civil rights in state court nor d[id] they point to anything that suggests that the state court would not enforce their civil rights in the state court proceedings"); *Azam v. U.S. Bank, N.A.*, 690 F. App'x 484, 486 (9th Cir. 2017) (affirming bankruptcy court's remand where removal petition cited "various state laws" but failed to "explain how those laws commanded the state court to ignore [the plaintiff's] civil rights"). The most Defendants proffer to the Court is the conclusory argument that "Defendant Kelly Mitchell was denied and could not enforce her right in state court to the quiet enjoyment of the rental unit . . . because CCP § 527.6 purports to command the state court to ignore her federal rights." (ECF No. 1 at 23.) This recitation of the language of the relevant statutory language is not sufficient to qualify as the type of "unusual case" meriting

removal to federal court pursuant to 28 U.S.C. § 1443(1). *Johnson*, 421 U.S. at 219.

Accordingly, the Court finds that there is no basis to remove this action to federal court pursuant to 28 U.S.C. § 1443(1).

      B.   Removal Pursuant to 28 U.S.C. § 1455

By its terms, removal pursuant to section 1455 applies to "any criminal prosecution from a State court." 28 U.S.C. § 1455. The action that Defendants wish to remove to this Court is an appeal from a civil administrative hearing, rendering the referenced removal provision inapplicable. (*See* ECF No. 1 at 69 ("The purpose of this hearing was to determine whether the City of Elk Grove's Animal Services . . . had reasonable grounds to seize 58 dogs being kept in a barn . . . .").)

Defendants apparently believe that the case they are attempting to remove is, in fact, a criminal prosecution. (*See* ECF No. 1 at 16 (alleging that Defendants' former attorney violated "the attorney-client privilege in this criminal proceeding").) The Court does note the possibility that Defendants' conduct in this case could theoretically subject them to criminal prosecution. (*See* ECF No. 1 at 71 (relaying that the Elk Grove animal services officer who testified at the post-seizure hearing before the hearing office stated that the hearing was only to address the reasonableness of Plaintiff's seizure of Defendants' dogs and that "other violations would be forwarded to the City Attorney or District Attorney for prosecution").) But the Court has not been provided with any evidence that such a criminal proceeding has been initiated, let alone "a copy of all process, pleadings, and orders served upon such defendant or defendants in such [criminal] action," as required by the removal statue. 28 U.S.C. § 1455.

Accordingly, 28 U.S.C. § 1455 does not provide a sound basis for removing this action to federal district court.

      C.   Removal Pursuant to 28 U.S.C. § 1331

Defendants argue that "[t]his Court has original jurisdiction over this action under" the Civil Rights Act of 1964, the Fair Debt Collection Practices Act, and 42 U.S.C. §§ 1981 and 1983. (ECF No. 1 at 2.) However, none of these federal provisions appears on, or is implicated by, the underlying state-law proceedings. These proceedings involve questions of California

restraining order and landlord-tenant law (*see* ECF No. 1 at 27–60), in addition to California's animal welfare laws (ECF No. 1 at 69–77). Defendants cannot invoke federal rights as defenses to these state-law claims and thereby confer subject-matter jurisdiction on this Court, *Caterpillar Inc.*, 482 U.S. at 392; *Vaden*, 556 U.S. at 54, but that is precisely what they attempt to do in this instance (*see* ECF No. 1 at 22 ("This removal arises from an Administrative Hearing held on February 27, 2019.")).

Defendants also assert that "[b]ecause an appeal is not an actual 'appeal' it is a *trial de novo* in the superior court, this Court has original jurisdiction." (ECF No. 1 at 22.) It is unclear what exactly Defendants are arguing with this statement, and the Court will not attempt to divine the extent to which this statement attempts to argue around the procedural requirements for appeals from administrative hearings set forth in California law. *See* Cal. Civ. Proc. §§ 1094.5, 1094.6. What is clear is that the action originally brought against Defendants that they now attempt to remove to federal district court is based exclusively on California law, which means this Court must remand it for lack of federal subject-matter jurisdiction. 28 U.S.C. § 1447.

### IV. CONCLUSION

The Court is understandably concerned by the potential that, absent a restraining order from either a state court of competent jurisdiction or a federal district court after receipt of a complaint setting forth validly pled federal causes of action, some of Defendants' dogs currently in Plaintiff's possession might be euthanized in the near future. (ECF No. 7 at 6.) However, as explained above, the unfortunate possibility that some animals may be disposed of is not enough to confer federal subject-matter jurisdiction on this Court.

Accordingly, for the reasons set forth above, the Court REMANDS this action to the Superior Court of California, County of Sacramento. The Court therefore DENIES AS MOOT Defendants' motion for a temporary restraining order (ECF No. 6). Finally, the Court GRANTS Defendants' requests to proceed *in forma pauperis* (ECF Nos. 2–4).

///

///

///

IT IS SO ORDERED.

Dated: March 18, 2019

Troy L. Nunley
United States District Judge